Filed 12/13/23  P. v. Ewing CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C097547 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F7007) |
| v. | |
| DAVID E. EWING, JR., | |
| Defendant and Appellant. | |

In a published opinion, a different panel of this court upheld defendant David Earl Ewing, Jr.'s, conviction for attempted murder, robbery, assault with an assault weapon, shooting at an occupied vehicle, allowing someone to shoot from a vehicle, conspiracy to commit theft, and street terrorism.  (*People v. Ewing* (2016) 244 Cal.App.4th 359 (*Ewing*).)  The trial court sentenced defendant to 35 years to life.  In 2022, defendant

1

filed a petition for resentencing under Penal Code[1] section 1172.6.[2] The trial court denied the petition, finding defendant was a major participant who acted with reckless disregard for human life based on the facts set forth in our prior opinion.

On appeal, defendant argues he established a prima facie case and the trial court's order finding otherwise is error. The People concede this point. Defendant also contends his attorney provided ineffective assistance when he agreed with the trial court's tentative ruling. We agree with the parties on the first contention and reverse and remand the matter with directions for the trial court to issue an order to show cause under section 1172.6, subdivision (c), and hold a hearing under section 1172.6, subdivision (d).

## I. BACKGROUND

In 2012, the People filed a first amended information charging defendant with attempted murder (§§ 664/187, subd. (a)), robbery (§ 211), assault with an assault weapon (§ 245, subd. (d)(3)), shooting at an occupied motor vehicle (§ 246), permitting another to discharge a firearm from a vehicle (former § 12034, subd. (b)), conspiracy to commit theft (§§ 182, subd. (a)(1)/487), and street terrorism (§ 186.22, subd. (a).) The information further alleged enhancements for multiple prior convictions (§ 1170.12), prior serious felonies (§ 667, subd. (a)(1)), being armed with a firearm (§ 12022, subd. (a)(1)), inflicting great bodily injury (§ 12022.7), and two enhancements for street terrorism (§ 186.22, subd. (b)(1)(C) & (b)(4)).

The following background is taken from our published opinion in defendant's direct appeal. (*Ewing, supra*, 244 Cal.App.4th 359.)

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will refer to the current section 1172.6 throughout this opinion.

Defendant and Norteño gang member, Giovanni Bergara, drove to Redding to steal some marijuana plants. (*Ewing, supra*, 244 Cal.App.4th at p. 363.) Defendant rented a motel room for the two. Bergara brought a "Tech 9" assault weapon with him that defendant handled at the motel. (*Ibid.*)

The next day, Bergara and defendant met up with Jessie Merkel, who was an associate of the local Norteño street gang, along with his ex-girlfriend Ashley Wright. (*Ewing, supra*, 244 Cal.App.4th at pp. 363-364.) The four planned to rob a local drug dealer named Luis Cordova. (*Id.* at p. 364.) The group agreed Wright would meet with Cordova, while the other three would be waiting nearby in a car. Wright would take Cordova's money, promise to bring drugs back, but never return. (*Ibid.*)

The plan went awry. Later that night, defendant drove his three accomplices to a restaurant. (*Ewing, supra*, 244 Cal.App.4th at p. 364.) Wright got into the drug dealer's car and directed him to park on a dark street where defendant and the other two men were waiting nearby in the car. Rather than blindly give up the cash, Cordova demanded to see the drugs first. Wright got out of the car to talk with her accomplices. She returned with a man (who was either defendant or Bergara – the testimony conflicted on this point), and that man got into the back seat while Wright got into the front passenger seat. (*Ibid.*)

Cordova gave Wright the money and she started counting it. (*Ewing, supra*, 244 Cal.App.4th at p. 364.) The man in the back seat grabbed the money and pulled out a gun. He got out of the car and started shooting at Cordova. Despite the earlier conflicting testimony about who was in the back seat of Cordova's car, the evidence was that Wright and the man hopped into the car defendant was driving and defendant drove away. Cordova followed them. (*Ibid.*)

While they were driving away, Bergara fired several shots at Cordova from the car window. (*Ewing, supra*, 244 Cal.App.4th at p. 364.) Realizing he had been shot, Cordova stopped pursuing the robbers and called 911. (*Ibid.*)

3

Meanwhile, defendant and his accomplices inadvertently drove down a road to a dead end; Bergara took that opportunity to hide the gun. (*Ewing, supra*, 244 Cal.App.4th at p. 365.) After they turned around and drove toward the freeway, they were stopped and arrested. At the police station, defendant urinated on his hands and wiped it on his face and neck in an attempt to remove any gunshot residue. (*Ibid.*)

Wright and Merkel helped police locate Bergara's gun and were questioned and released. (*Ewing, supra*, 244 Cal.App.4th at p. 365.)

During his statement to the police, defendant acknowledged he knew Bergara was a high ranking Norteño gang member who had claimed to have killed someone. (*Ewing, supra*, 244 Cal.App.4th at p. 365.) Defendant denied being a gang member. (*Ibid.*) Defendant told the officers about their trip to Redding to steal marijuana as well as the details of the meeting and failed plot to rob Cordova. (*Id.* at pp. 365-366.) Defendant said he knew Bergara took a gun with him to Cordova's car. (*Id.* at p. 365.) When he heard gunshots and began driving away, defendant picked up Bergara and Wright. (*Id.* at p. 366.) Defendant also confirmed how the gun ended up hidden at the dead end. Defendant admitted he was the getaway driver, but denied he was the shooter. (*Ibid.*)

The jury found defendant guilty on all charges. (*Ewing, supra*, 244 Cal.App.4th at p. 370.) The jury also found the gang allegations true but found the infliction of bodily injury enhancement not true. Based on that not true finding, the trial court also dismissed the gang enhancement related to the assault with an assault weapon count. (*Ibid.*)

In a bifurcated proceeding, the trial court found true the prior strike allegation. (*Ewing, supra*, 244 Cal.App.4th at p. 370.) The trial judge sentenced defendant to 35 years to life and imposed but stayed sentences on the remaining convictions under section 654. (*Ewing*, at p. 370.) We affirmed the judgment on appeal after examining whether there was sufficient evidence to support the criminal street gang charge and enhancement, as well as the propriety of the expert witness testimony on gangs presented at trial. (*Id.* at pp. 371, 381, 383.)

4

On January 6, 2022, defendant filed a petition for resentencing under section 1172.6. In his petition, defendant checked the boxes stating a charging document was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice was imputed to him solely based on his participation in a crime; he was convicted of murder, attempted murder or manslaughter; and he could not now be convicted of murder because of the changes made to sections 188 and 189 effective January 1, 2019.

At the hearing on April 12, 2022, the trial court provided the parties with its written tentative ruling. The tentative ruling recited facts from our prior opinion and found defendant was a major participant in the attempted murder who acted with reckless disregard for human life.

After reviewing the court's tentative ruling at the hearing, defense counsel stated, "I'm in agreement with the Court's analysis, I don't see how [defendant's] not an active participant in this particular case." The trial court affirmed its tentative ruling denying defendant's petition.

We granted defendant's request for permission to file the notice of appeal under the constructive filing doctrine.

## II. DISCUSSION

Defendant argues he established a prima facie case and the trial court's order finding otherwise is error. The People agree. We conclude, at this stage of the proceedings, the determination of whether defendant was a major participant who acted with reckless disregard for human life required impermissible factfinding and thus reverse and remand this case for further proceedings. We decline to address defendant's alternate claim of ineffective trial counsel.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as

5

it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

As relevant here, "Senate Bill No. 1437 [ ] amended the felony-murder rule by adding section 189, subdivision (e)." (*People v. Harden* (2022) 81 Cal.App.5th 45, 50; see *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [which includes robbery] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (Stats. 2018, ch. 1015, § 3.)

"Senate Bill [No.] 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," which is codified in section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 708.) "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts[.]" (§ 1172.6, subd. (a).) Upon receipt of the petition, the trial court first must determine whether the petition is facially sufficient under section 1172.6, subdivision (b). (See *People v. Lewis* (2021)

6

11 Cal.5th 952, 960 (*Lewis*).) "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.' " (*Strong, supra*, 13 Cal.5th at p. 708.)

To make that prima facie case for eligibility under section 1172.6, subdivision (a), here, defendant had to show that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of murder or attempted murder under felony murder and/or the natural and probable consequences doctrine. (§ 1172.6, subd. (a)(1).) Defendant also had to show he was convicted of murder or attempted murder and that he could not presently be convicted of such because of the changes to sections 188 or 189. (§ 1172.6, subd. (a)(2)-(3).)

"Appellate opinions . . . are generally considered to be part of the record of conviction. [Citation.] However, . . . the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*) The trial court must accept the defendant's allegations as true and "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Lewis*, at p. 971.)

Here, the trial court denied defendant's petition at the prima facie stage. A denial at this stage was appropriate only if the record of conviction demonstrates that defendant

was ineligible for relief as a matter of law, that is, that the record of conviction shows he was not convicted under a theory of liability affected by Senate Bill No. 1437's amendments. (See *People v. Mancilla* (2021) 67 Cal.App.5th 854, 862.) Thus, the relevant question before us is whether, without weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably establishes defendant is guilty of murder [or attempted murder] under a currently valid theory of murder. (See *People v. Harden, supra*, 81 Cal.App.5th at p. 56; see § 1172.6, subds. (a) & (c).)

Both parties agree, as do we, that the trial court's ruling regarding whether defendant was a major participant who acted with reckless disregard for human life required fact finding, which was not permissible at this stage of the proceedings. (*Lewis, supra*, 11 Cal.5th at p. 974; § 1172.6, subd. (c).) Our prior opinion did *not* address the question of whether defendant was a major participant who acted with reckless disregard for human life at all, much less resolve it as a matter of law. Rather, the opinion addressed whether there was sufficient evidence to establish the criminal street gang enhancement and the expert testimony provided at the hearing about gangs. (*Ewing, supra*, 244 Cal.App.4th at pp. 370-371, 381.) Accepting the facts alleged in defendant's petition as true, defendant made a prima facie showing of eligibility. There is nothing in the record of conviction that belies his assertions as a matter of law.

Under these circumstances, the trial court was required to issue an order to show cause and hold an evidentiary hearing. At that hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) We will thus reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1172.6, subdivision (c), and hold a hearing under section 1172.6, subdivision (d). We express no opinion about whether defendant is entitled to relief following that hearing.

## III.  DISPOSITION

The order denying defendant's petition under section 1172.6 is reversed and the matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and hold a hearing under section 1172.6, subdivision (d).

/s/

Keithley, J.*

We concur:

/s/

Hull, Acting P. J.

/s/

Duarte, J.

---

\*       Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.